UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BAEZA JEWELERS, LLC., | Case No.: 2:05-CV-01265-KJD-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| MYRH, INC., | |
| Defendant. | |
| _____ | |
| MYRH, INC., | |
| Counterclaimant, | |
| v. | |
| BAEZA JEWELERS, LLC., | |
| Counterdefendant. | |

Presently before the Court is Defendant Myrh, Inc.'s Motion for Order Bifurcating the Issues of Liability and Damages and Motion for Protective Order (#18). Plaintiff filed a response in opposition (#19), to which Defendant replied (#20).

**I. Background**

Plaintiff Baeza Jewelers, LLC is a limited liability company doing business in Florida. Plaintiff does not currently have a store in Las Vegas, but had plans to investigate the Las Vegas market. In or about August 2002, Plaintiff applied to register the mark

"Rocks Fine Jewelry" with the United States Patent and Trademark Office. That mark was registered on December 14, 2004, effective retroactively to the date of the application.

On or about July 17, 2003, Defendant Myrh opened a jewelry store in the Hard Rock Hotel and Casino in Las Vegas, Nevada. Defendant used the mark "Rocks The Jewelers" on its store. On October 20, 2005, Plaintiff commenced the instant complaint alleging three claims against Defendant: (1) trademark infringement in violation of 15 U.S.C. § 1114, (2) common law trademark infringement, and (3) unfair competition. Defendant now moves to bifurcate discovery and trial on the issues of liability and damages. Defendant also seeks a protective order staying discovery and trial on damages until the issue of liability has been resolved.

**II. Analysis**

"There are times when a suit is triable in separate parts, one affecting the right or liability, and the other affecting the measure of recovery." Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 693 (1933). Rule 42(b) of the Federal Rules of Civil Procedure authorizes the bifurcation of issues "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b). Courts have broad discretion to bifurcate trademark issues for trial. See M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1088 (9th Cir. 2005). "Claims for monetary relief in trademark actions are generally litigated at a separate hearing, after the determination of liability." Robert Bruce, Inc. v. Sears, Roebuck & Co., 343 F. Supp. 1333, 1348 (E.D. Pa. 1972). "One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." Ellingson Timber Co. v. Great N. Ry. Co., 424 F.2d 497, 499 (9th Cir. 1970).

Defendant asserts that trademark matters are ideal for bifurcation because the lack of a relationship between liability and damage issues is stark. Consequently, a finding of no

liability will obviate the need for discovery or a trial on the issue of damages. Defendant also asserts that bifurcation is necessary in this case to avoid unfair prejudice. Defendant alleges that some of the discovery Plaintiff seeks, namely its statements of profit and loss and details of its lease agreements, is extremely confidential and sensitive. Defendant argues that this information is not relevant to reach a determination on the issue of trademark infringement, would be damaging in the hands of a potential market competitor, and need only be produced if it is determined that an infringement had occurred.

Plaintiff argues that although bifurcation is not unusual, it is the exception to the rule. See Dallas v. Goldberg, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001). Plaintiff alleges that there will be substantial overlap in the testimony establishing liability and damages based on the nature of Myrh's conduct, which would be redundant if the case were bifurcated. Plaintiff further argues that delaying discovery on the issue of damages and requiring a second jury trial to determine that issue weighs heavily against bifurcation. Finally, Plaintiff asserts that it is willing to restrict any sensitive financial documents to Plaintiff's attorneys and expert witnesses.

The Court recognizes that bifurcating the issues of liability and damage could cause delays in discovery on damages, and a second jury trial if Plaintiff prevails on the issue of liability. However, this inconvenience would only occur if Defendant is found liable, and is slight when weighed against the possible harm caused to Defendant by having sensitive financial information given to a potential market competitor. The Court agrees that providing profit-loss statements, balance sheets, retail lease agreements, and budgets, even if only to Plaintiff's attorneys and expert witnesses, is excessively burdensome when it is uncertain whether Defendant will be found liable. If Defendant is not found liable, bifurcation will have conserved resources of both the Court and the parties. If Defendant is found liable, the Court does not believe that the resulting delay and separate trial outweigh the notions of justice and fair play resulting from bifurcation.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Order Bifurcating the Issues of Liability and Damages and Motion for Protective Order (#18) is **GRANTED**.

IT IS FURTHER ORDERED that:

1. The Court will conduct separate trials on the issues of this case in the following sequence: (1) federal trademark infringement liability under 15 U.S.C. § 1114, common law trademark infringement liability, unfair competition liability and willfulness ("Phase 1"); and (2) damages ("Phase 2").

2. The Court hereby issues a protective order prohibiting the disclosure of any discoverable evidence relating to damages, including but not limited to evidence relating to Defendant's lease agreement and evidence relating to Defendant's confidential financial information, until after the conclusion of Phase 1.

3. Plaintiff is hereby prohibited from requesting or obtaining discoverable evidence relating to damages, including but not limited to evidence relating to Defendant's lease agreement and evidence relating to Defendant's confidential financial information, until liability is conclusively established against Defendant for any of the Phase 1 claims set forth in this action and this Court makes a determination that an award of damages against Defendant shall be appropriate.

4. Phase 2 shall commence if, and only if, liability is conclusively established against Defendant for any of the Phase 1 claims set forth in this action and this Court makes a determination that an award of damages against Defendant shall be appropriate.

DATED this 23rd day of August, 2006.

_____
Kent J. Dawson
United States District Judge